Shannon BRAHAN and Timothy Brahan,
Plaintiffs/Appellants,

v.

Paul SMITH, et al.,
Defendants/Respondents.

No. 70200.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 25, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 14, 1997.

Application to Transfer Denied
June 17, 1997.

J. Patrick Chassaing, Curtis, Oetting, Heinz, Garrett & Soule, P.C., St. Louis, for Plaintiffs/Appellants.

Crystal Y. Smith, St. Louis, for Defendants/Respondents.

GERALD M. SMITH, Judge.

Plaintiffs, Shannon Brahan and her father, Timothy Brahan, appeal from a judgment based on a jury verdict in an automobile accident case. The jury found in favor of the Brahans and assessed Shannon's damages at $25,000 and Timothy's damages at $7,000. The jury found Shannon to be 33% at fault. The court entered a judgment of zero pursuant to § 537.060 RSMo 1994, because of a pre-trial settlement with Safeco Insurance Company, the liability insurer of the vehicle operated by defendant, Paul Smith.

Shannon was 16 at the time of the accident. She and a group of friends were socializing outside the home of a friend. Several of the teenagers congregated around a car owned by Brian Loy's parents and being used that evening by him. Shannon and Randy Stark were sitting on the trunk of the vehicle. Shannon was leaning on the rear window. Defendant and Loy decided to leave and defendant asked to drive. Defendant started the car and quickly pulled away causing both Stark and Shannon to fall off and strike their heads on the pavement.

Stark was not seriously injured. Shannon, however, went into convulsions and was taken immediately to the hospital with a fractured skull. She has no memory of the accident.

Plaintiffs raise four points on appeal. The first is a *Batson*[1] challenge. The restrictions on utilizing race as a basis for peremptory strikes of venirepersons was extended to civil jury trials in *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).

■ To challenge a peremptory strike the aggrieved party must first object to the other party's use of peremptory challenges as a violation of *Batson* and identify the cognizable racial group to which the venireperson belongs. *State v. Parker*, 836 S.W.2d 930 (Mo.banc 1992)[12]. The opposing party must then come forward with reasonably specific race-neutral explanations for the strike. *Id.* The explanation, however, need not be persuasive, or even plausible. *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769, [1,2], 131 L.Ed.2d 834 (1995). The issue is the facial validity of the striking party's explanation. Unless a discriminatory intent is inherent in the explanation, the reason offered will be deemed race neutral. *Id.*; *Parker, supra* at n. 6 (citing *Hernandez v. New York*, 500 U.S. 352, 358–60, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991)). A legitimate reason to strike is not a reason that makes sense, but a reason that does not deny equal protection. *Purkett, supra.*

■ Once acceptable reasons have been articulated, the person challenging the strike must show that the proffered reasons for the strikes were merely pretextual and that the strikes are racially motivated. *Parker, supra* at [12]. Essentially the challenges must constitute purposeful discrimination. The trial court's determination regarding purposeful discrimination is a finding of fact which should not be disturbed on appeal unless clearly erroneous. *State v. Turner*, 921 S.W.2d 658 (Mo.App.1996)[4,5]. To meet that standard we must have a firm and definite impression that a mistake has been

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

made. *Id.* Because credibility and demeanor are of great importance in making the determination, trial courts are vested with considerable discretion. *State v. Dunn,* 906 S.W.2d 388 (Mo.App.1995)[5–7].

Initially defendant struck three venirepersons as regular jurors and one person as an alternate. All were African–American. The next morning defendant tendered back one struck venireperson as a regular juror and the alternate venireperson. He then struck one venireperson, a Caucasian, from the regular panel and one person, an African–American, from the alternate panel.

■ One of the challenged strikes was explained as occurring because the venireperson expressed his feeling several times that he had already served on a jury three times and that ought to be enough. No other venireperson expressed similar hostility to jury service although one other venireperson had also served three times. A party may well not want as a juror a person evidencing hostility to serving on the jury. The explanation provides a nonracial reason for the strike.

■ Defendant struck another venireperson from the regular panel because she was a single mother of an only daughter and she worked in customer service support which counsel believed causes a more liberal attitude toward verdicts. No other venireperson had both of these characteristics. These are non-racial reasons for a strike.

■ The explanation of the strike of the alternate venireperson listed a number of reasons including that he and his wife and children were personal injury plaintiffs, that he was or had been seeing a psychologist, that he had a daughter the age of plaintiff at the time of the accident, that he was related to a lawyer, and that his personal lawyer was a prominent plaintiffs' attorney. This combination of factors is sufficient to justify the strike.

In civil litigation the number of strikes allowed is substantially fewer than in criminal trials. It may frequently be impossible for counsel to strike all persons having similar qualities making them less desirable as jurors. Counsel may have to select the venireperson most clearly objectionable from counsel's standpoint while leaving venirepersons somewhat similarly situated on the panel. While there were venirepersons not challenged who had somewhat similar qualities to at least one of the venirepersons challenged, we cannot conclude as a matter of law that counsel chose the venireperson she did for racial reasons. We are unable to find here that the trial court's finding of no purposeful discrimination was clearly erroneous or an abuse of discretion.

■ Plaintiffs raise the contention that the court erred in submitting the issue of Shannon's comparative fault to the jury. We agree. There was nothing in the record from which the jury could find that Shannon knew or should have known that defendant was going to accelerate the automobile while she was sitting on it at an early enough time for her to get off the vehicle. We do not find it necessary to discuss the evidence in detail because even restoring the full amount of the damages found by the jury, ($25,000) as to Shannon, the net judgment remains at zero because of the settlement.

Plaintiffs also contend that certain statements made by a witness to a police officer were hearsay when testified to by the police officer. The only possible relevance of such statements, which consisted solely of the witness' opinions, was to Shannon's comparative fault. As we have ruled that issue was improperly presented to the jury, the objected to testimony is not prejudicial to plaintiffs.

■ Finally, the plaintiffs contend the verdict was inadequate. As to Shannon, we are unable to find as a matter of law an inadequacy. Her injuries were serious but the jury could have discounted substantially her evidence of the limited extent of her recovery and the permanency of her injuries. Timothy produced evidence of medical bills in the amount of $20,028 which were not contested. He was entitled to recover that amount. Again, however, even with an additur to that amount, the net judgment remains zero because of the settlement.

Judgment is modified to provide that Shannon Brahan's damages are established

at $25,000 without reduction for comparative fault and Timothy Brahan's damages are established at $20,028 without reduction for comparative fault and the full amount of the damages of each are reduced to zero pursuant to § 537.060 RSMo 1994 and as so modified the judgment is affirmed.

CRANE, P.J., and PUDLOWSKI, J., concur.